UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE, CDCR #F-74464,<br><br>                               Plaintiff,<br><br>vs.<br><br>ALICE YVONNE LAWRIE RODRIGUEZ; KAREN MERKER; STATE OF CALIFORNIA ALKSNE P.J.; JEFFREY BOSTWICK; DOES 1-4,<br><br>                              Defendants. | Case No.: 3:20-cv-01755-DMS-DEB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO WITHDRAW AND DISMISSING CIVIL ACTION PURSUANT TO Fed. R. Civ. P. 41(a)**<br>**[ECF No. 7]**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br>**[ECF Nos. 2]** |

     On September 4, 2020, Plaintiff Mathew A. Lawrie, proceeding pro se and while incarcerated at Kern Valley State Prison in Delano, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2). A few weeks later, Plaintiff filed a Notice of Appeal in the Ninth Circuit Court of Appeals (ECF No. 3), even though this Court had yet to rule on his pending Motion to Proceed IFP or to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

Then, on October 26, 2020, Plaintiff filed a "Request for Withdrawal" of both this case and his appeal in the Ninth Circuit. *See* ECF No. 6; *Lawrie v. Rodriguez, et al.*, Ninth Cir. Ct. App. Appeal Docket No. 20–56066, Dkt. Entry 2.[1] Plaintiff apologizes to both courts for expending "filing time and effort" and seeks to dismiss both this action and his appeal "due to loss of records" and "through no fault of [his own]." *See* ECF No. 7 at 1.

## I.  Motion to Withdraw and Dismiss

The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. . . . Such a dismissal leaves the parties as though no action had been brought." *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citing *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted)). Thus, because Plaintiff has notified the Court that he does not wish to prosecute his case at this time, no party has yet to be served with any valid pleading, and no answer or motion for summary judgment has yet to be filed, voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate. *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534–35 (9th Cir. 1987) ("As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk."). "[T]he fact that [Plaintiff's] filing was named as a 'motion' does not preclude its operative effect as a notice of dismissal." *Ramirez-Ramos v. Ryan*, No. CV-18-8086-PCT-NVW (JFM), 2019 WL 885624, at *6 (D. Ariz. Jan. 18, 2019), *report and recommendation adopted*,

---

[1] Plaintiff filed a Notice of Appeal before this Court issued any order or entered a final judgment. Because an appeal is plainly premature, this Court retains jurisdiction to proceed. *See Ruby v. Secretary of the Navy*, 365 F.2d 385 (9th Cir. 1966) (en banc) (the "improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it."). "Where the deficiency in a notice of appeal, by reason of untimeliness ..., is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Id.* at 389; *Leibel v. City of Buckeye,* 382 F. Supp. 3d 909, 916 (D. Ariz. 2019) ("A premature notice of appeal does not divest a district court of jurisdiction.") (citations omitted).

2019 WL 859690 (D. Ariz. Feb. 22, 2019) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice."); *see also* 9 Fed. Prac. & Proc. Civ. § 2363, Voluntary Dismissal—Dismissal as a Matter of Right (3d ed.) ("It is merely a notice and not a motion, although a notice in the form of a motion is sufficient.").

### III.   Conclusion and Order

For the reasons explained, Plaintiff's Motion for Withdrawal (ECF No. 7), liberally construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a), is **GRANTED**. Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** as moot. The Clerk is directed to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  November 12, 2020

Hon. Dana M. Sabraw
United States District Judge